**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 13-61132-Civ-SCOLA**

FFC Mortgage Corporation LLC

      Plaintiff,

vs.

Red Door Title Insurance Agency, Inc.,
Michael Miracola, Zaida Pollack,
Sasha Miracola a/k/a Sasha Martinez
a/k/a Graciela Martinez, and Ana J. Amador,

      Defendants.

_____/

## ORDER ON DEFAULT JUDGMENT PROCEDURE

THIS MATTER is before the Court upon the Defaults entered by the Clerk of the Court against Defendants Ana Amador, Michael Miracola, and Red Door Title Insurance Agency, Inc. (ECF No. 20), on August 22, 2013.  It is ORDERED that Plaintiff must file one of the following two responses by September 13, 2013.

1.  Where there are multiple Defendants, but no possibility of inconsistent liability between Defendants (which, for example, could arise from allegations of joint and several liability), Plaintiff shall file a *Motion for Default Judgment*, consistent with Federal Rule of Civil Procedure 55(b).  The Plaintiff must state in the *Motion for Default Judgment* that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability.

The *Motion for Default Judgment* must include affidavits of any sum certain due from the Defendants, and any other supporting documentation necessary to determine Plaintiff's measure of damages.  The *Motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; (2) a proposed order; and (3) a proposed final judgment.  Pursuant to the CM/ECF Administrative Procedures, the proposed orders shall be submitted to the Court by e-mail in Word (.doc) format at scola@flsd.uscourts.gov.  Plaintiff <u>must</u> send a copy of the *Motion* to Defendants' counsel or to

the Defendants directly if they do not have counsel.  In the certificate of service, Plaintiff shall indicate that notice was sent and the addresses where the notice was sent.

If the Defendants fail to move to set aside the Clerk's Default, or fail to otherwise respond to this lawsuit, on or before September 9. 2013, Default Final Judgment may be entered. This means that the Plaintiff may be able to take the property or money of the Defendants, and/or obtain other relief against the Defendants.

2.   Where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiff shall file a *Notice of Joint Liability*.  *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *Notice of Joint Liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability.  Once liability is resolved as to all Defendants, Plaintiff may move for the entry of default judgment against the defaulting Defendants, as described in paragraph one, above, no later than **fourteen days** after the resolution of liability as to the non-defaulting Defendants.

Plaintiff's failure to file for a *Motion for Default Judgment* or *Notice of Joint Liability* within the specified time will result in a **dismissal without prejudice** as to these Defendants.

**DONE and ORDERED** in chambers, at Miami, Florida, on August 28, 2013.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
Counsel of record via CM/ECF

Red Door Title Insurance Agency, Inc.                  Ana Amador
c/o Ana J. Amador, as registered agent                 5324 164th Court
1460 NW 107 Avenue, Suite A                            Miami, FL 33185
Miami, FL 33172

Michael Miracola
7737 18th Street
Pembroke Pines, FL 33024